UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50067-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CHARLES LITTLE BEAR, | ) | |
| a/k/a Dale Little Bear, | ) | |
| | ) | |
| Defendant. | ) | |

The government moves this court to reconsider the magistrate judge's order on defendant's motion to compel discovery pursuant to 28 U.S.C. § 636(b)(1)(A). Defendant, Little Bear, opposes the motion. The motion to reconsider is granted.

**BACKGROUND**

Little Bear sought a court order requiring the government to provide disclosure of the following items:

1.   Copies or production of all documents, memoranda or recordings in any medium and information produced at the time of, or generated during or subsequent to, the polygraph examination and interrogation of Defendant on June 5, 2008, including copies of the following: (1) polygraph charts; (2) lists of questions; (3) score and quality control sheets; (4) all notes and worksheets made before, during and following the polygraph and interview; (5) if a computerized polygraph was used, then copies of all computer files and disks; (6) all tapes and video recordings; (7) written reports and findings; (8) statements signed by Defendant; and (9) all notes and records from the 1A portion of the case file and interview logs produced by FBI Special Agent Todd Dawson (hereinafter "Dawson"), and FBI Special Agent Sherry Rice (hereinafter "Rice"), which were

>    used or could have been used to generate FBI 302
>    documents.
>
> 2. Any manuals and other written and electronic materials
>    which Dawson and Rice used during their training on the
>    topics of polygraph examinations, interrogation of suspects
>    and techniques used to obtain confessions and
>    incriminating statements from the subjects of criminal
>    investigations.
>
> 3. Copies of Dawson's and Rice's 1A file entries and notes with
>    regard to the interview of Defendant on June 5, 2008.

Docket 23 at 1-2. The court referred Little Bear's motion to compel to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The magistrate judge granted in part and denied in part Little Bear's motion to compel. The magistrate judge found that the government had satisfied all of its discovery obligations, with one exception. The magistrate judge determined that the government must provide Little Bear "the materials directly associated with the polygraph: audio or video recordings generated during the polygraph; polygraph charts; lists of questions; score sheets; control sheets; and copies of any computerized polygraph files and disks." Docket 30 at 8. The magistrate judge found that the government should provide such information to Little Bear because Federal Rule of Criminal Procedure 16 "specifically contemplate[d] the disclosure, upon a defendant's request, of any statement— oral, written or recorded—of a defendant, and reports of any physical or mental examination or scientific test or experiment." Id. The court further noted that the requested materials that were directly related to the polygraph

and post-polygraph interview could reflect on the voluntariness of Little Bear's statement. Id.

The government appealed the magistrate judge's finding only in relation to the polygraph materials. The government represents to the court that it has turned over to Little Bear a copy of the FBI agent's report of Little Bear's statement, Little Bear's handwritten statement, and that no recordings were made of his statement. The government opposes disclosure of the remainder of the polygraph materials. Little Bear did not appeal any portion of the magistrate judge's findings. Accordingly, this court need only address the magistrate judge's finding that the polygraph information requested by Little Bear is discoverable.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A), the court may reconsider the magistrate judge's ruling on defendant's motion to compel "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The government argues that it has complied with its discovery obligations. The government contends that because the polygraph information is inadmissible, none of the polygraph information requested by Little Bear is discoverable. Little Bear responds that discovery of the polygraph materials is necessary to determine the true results of his polygraph examination and whether the federal agents misled him about those results to elicit inculpatory statements.

3

The magistrate judge determined that the polygraph material was discoverable under Fed. R. Crim. P. 16, which requires the government to disclose reports of any physical or mental examination or scientific test or experiment. Fed. R. Crim. P. 16(a)(1)(F) states that

> [u]pon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is within the government's possession, custody, or control;
> (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

The plain language of Fed. R. Crim. P. 16 only requires the government to produce the **results or reports** of physical or mental exams and scientific tests or experiments. The term "result" means "something obtained by calculation or investigation." Merriam-Webster Dictionary. The term "report" means "[a] formal oral or written presentation of facts or a recommendation for action." Black's Law Dictionary (8th ed. 2004). Accordingly, results and reports are conclusions, not raw material used to reach conclusions.

Here, Little Bear is requesting polygraph materials, including audio or visual recordings, charts, questions, score sheets, control sheets, and computerized files and disks. The court finds that Little Bear's request for such information does not fall within the scope of Fed. R. Crim. P. 16. The materials requested by Little Bear are devices used to assist the polygraphist

4

in administering the polygraph test and in reaching a conclusion based upon the polygraph test. Therefore, such materials do not contain any results or conclusions and are not discoverable under Fed. R. Crim. P. 16.

Moreover, courts interpreting Fed. R. Crim. P. 16 have generally found that results and reports do not include the materials that provide the underlying basis for the results and reports. See, e.g., United States v. Price, 75 F.3d 1440, 1444-45 (10th Cir. 1996) (determining that the government was not required to produce the underlying basis of the chemist's conclusion that the substances he tested were methamphetamine, information relating to the reliability of the chemist's equipment, and evidence of the chemist's credentials because Fed. R. Crim. P. 16 only required the government to produce "results or reports" of tests); United States v. Alex, 791 F. Supp. 723, 729 (N.D. Ill. 1992) (stating that the defendant was entitled to disclosure of scientific tests and expert reports generated by the government's expert witnesses; however, the government was not required to disclose facts and data underlying expert opinions); United States v. Iglesias, 881 F.2d 1519, 1523-24 (9th Cir. 1989) (finding that the government satisfied its obligation under Fed. R. Crim. P. 16 by turning over lab reports regarding the analysis of a substance and that the government would not be required to turn over log notes, protocols, and other internal documents of chemists who worked on the analysis); United States v. Orzechowski, 547 F.2d 978, 985-86 (7th Cir. 1976) (interpreting Fed. R. Crim. P. 16 as not requiring the government to produce

5

internal memoranda of Drug Enforcement Administration in relation to tests necessary for determining whether a substance was an unlawful isomer of cocaine). The court finds that these cases interpret Fed. R. Crim. P. 16 consistent with its plain language. While the court respects Little Bear's rights to inspect and copy the actual results or reports of scientific tests, Little Bear is not entitled to an order compelling the government to provide every single piece of paper that is generated in conjunction with such tests. As such, the materials that Little Bear has requested are not discoverable and the government is not obligated to provide him with such materials.

In sum, based upon the plain language of Fed. R. Crim. P. 16 and the case law cited above, the court finds that Little Bear is not entitled to receive the materials associated with the polygraph test, which include charts, questions, score sheets, control sheets, and computerized files and disks. The government has provided Little Bear with waiver forms, signed statements, documents produced by Little Bear, and the FBI 498 report of Little Bear's interview. Therefore, it appears to the court that the government has strictly complied with its discovery and inspection obligations under Fed. R. Crim. P. 16.

Based on the foregoing, it is hereby

ORDERED that the government's motion for reconsideration of the magistrate judge's order on defendant's motion to compel discovery (Docket 31) is granted.

IT IS FURTHER ORDERED that the government is not obligated to provide any additional discovery to Little Bear pursuant to this discovery request.

Dated March 31, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE