UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50067-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION |
| | ) | TO SEVER COUNTS |
| CHARLES LITTLE BEAR, | ) | FOR TRIAL |
| a/k/a Dale Little Bear, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Charles Little Bear, moves to sever the two charges of aggravated sexual abuse and abusive sexual contact for separate trials. The government opposes the motion. The motion is denied.

Rule 8(a) provides "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." United States v. Taken Alive, 513 F.3d 899, 902 (8th Cir. 2008) (quoting Fed. R. Crim. P. 8(a)). Rule 8(a) "is broadly construed in favor of joinder to promote the efficient administration of justice." Id. at 902-903 (citing United States v. Little Dog, 398 F.3d 1032, 1037 (8th Cir. 2005); United States v. Rock, 282 F.3d 548, 552 (8th Cir. 2002)). The court has defined the term "similar in character" to mean, "nearly corresponding; resembling in many respects;

somewhat alike; having a general likeness." United States v. Lindsey, 782 F.2d 116, 117 (8th Cir. 1986).

Here, defendant has been charged with the offense of aggravated sexual abuse (Count I), which is alleged to have occurred about August 15, 2007, and the offense of abusive sexual contact (Count II), which is alleged to have occurred between September of 2005 and January of 2006. The offenses are similar in character and constitute part of a common scheme or plan in light of the fact that both offenses involve the same minor child and sexual conduct. See United States v. Tyndall, 263 F.3d 848 (8th Cir. 2001) (upholding joinder of two attempted sexual assaults of two different victims). Furthermore, the 23-month time span between the two alleged offenses is not too long a period of time between offenses for proper joinder. See United States v. Rodgers, 732 F.2d 625, 629 (8th Cir. 1984) (wherein the Eighth Circuit found that 20 months is not too long a period of time between offenses for proper joinder). As a result, the court finds that the joinder of the offenses is proper under Fed. R. Crim. P. 8(a).

Defendant argues in the alternative that if joinder is proper, then defendant is entitled to relief from the prejudicial joinder under Fed. R. Crim. P. 14(a) through severance of the two counts. Rule 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government,

the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Severance is warranted "if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." United States v. Mabry, 3 F.3d 244 (8th Cir. 1993) (citing Zafiro v. United States, 506 U.S. 534 (1993)).

The burden is on the defendant to show prejudice from the joinder. United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 116 S. Ct. 824 (1996). " 'Where evidence that a defendant had committed one crime would be probative and thus admissible at the defendant's separate trial for another crime, the defendant does not suffer any additional prejudice if the two crimes are tried together.' " Taken Alive, 513 F.3d at 903 (quoting United States v. Rodgers, 732 F.2d 625, 630 (8th Cir. 1984) (quoting United States v. Dennis, 625 F.2d 782, 802 (8th Cir. 1980))).

In the Taken Alive case, the defendant was accused of committing one assault on February 9, and a second assault that resulted in the death of the victim on March 9. Id. at 901-902. Both assaults occurred after the defendant and the victims had been heavily drinking alcohol. Id. Both assaults were carried out in similar fashion. Id. On appeal, the Eighth Circuit affirmed the district court's decision to try Taken Alive on both assaults in the same trial. Id. at 902-904. Relying on Fed. R. Evid. 404(b),

the court reasoned that "the evidence of one assault would be admissible in the separate trial of the other assault if admitted to prove something other than character." Id. at 903. Thus, even in separate trials, each jury would inevitably know about the other assault. Id. Under such circumstances, there was no prejudice in trying the two charges together. Id.

Here, the court likewise reaches the same conclusion. Counts I and II are both sexual offenses allegedly committed by defendant against the same victim. Such evidence is usually admissible pursuant to Rule 404(b). See United States v. Yellow, 18 F.3d 1438, 1440 (8th Cir. 1994). And the evidence is also usually admissible under Rule 413. A separate trial of Count I would involve the introduction of evidence relevant to Count II under Rules 404(b) and 413. The acts charged in both counts are of the same or similar character. Thus, the court concludes that Count I and Count II should be tried together.

Based on the foregoing, it is hereby

ORDERED that the defendant's motion to sever counts for trial (Docket 67) is denied.

Dated September 3, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE